# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLESTENE A. HINES-DAVIDSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0804**  (BOR Appeal No. 2047962)
(Claim No. 2011020131)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clestene A. Hines-Davidson, by Jonathan Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2013, in which the Board affirmed a December 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 12, 2011, decision granting Ms. Hines-Davidson a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hines-Davidson injured her left knee on November 23, 2010, while assisting a patient and the claim was subsequently held compensable. Following the injury, she treated with Heather Gibbons, FNP-BC, and E. Fritz Braunlich, M.D., both of whom recommended that Ms. Hines-Davidson undergo physical therapy. Additionally, Dr. Braunlich treated Ms. Hines-Davidson's left knee with steroid injections. On August 1, 2011, Sushil Sethi, M.D., performed an independent medical evaluation. He determined that Ms. Hines-Davidson had reached maximum medical improvement after reaching a treatment plateau. Dr. Sethi opined that Ms.

1

Hines-Davidson sustained 4% whole person impairment as a result of range of motion abnormalities in the left knee. Ms. Gibbons re-examined Ms. Hines-Davidson on August 10, 2011, and also concluded that she had reached maximum medical improvement and released her from treatment for the occupational injury.

The claims administrator granted Ms. Hines-Davidson a 4% permanent partial disability award based on Dr. Sethi's independent medical evaluation on August 12, 2011. On March 24, 2012, James Dauphin, M.D., performed an independent medical evaluation. He determined that Ms. Hines-Davidson had not reached maximum medical improvement. However, he provided an opinion regarding the amount of Ms. Hines-Davidson's permanent impairment resulting from her compensable injuries. He opined that if Ms. Hines-Davidson is deemed to have reached maximum medical improvement, she has 14% whole person impairment as a result of range of motion deficits in the left knee.

In its Order affirming the August 12, 2011, claims administrator's decision, the Office of Judges held that Ms. Hines-Davidson failed to demonstrate that she is entitled to more than a 4% permanent partial disability award. Ms. Hines-Davidson disputes this finding and asserts, per the opinion of Dr. Dauphin, that she is entitled to an additional 10% permanent partial disability award, for a total award of 14%.

The Office of Judges found that Dr. Dauphin's report cannot be considered reliable in light of the entirety of the medical evidence of record. The Office of Judges noted that Dr. Dauphin found that Ms. Hines-Davidson has not reached maximum medical improvement, and determined that this finding is not consistent with the weight of the medical evidence of record, particularly when considering that Dr. Sethi and Ms. Gibbons determined that Ms. Hines-Davidson had reached maximum medical improvement in August of 2011. Additionally, the Office of Judges found that Dr. Dauphin's own findings lack consistency. The Office of Judges noted that despite finding that Ms. Hines-Davidson had not reached maximum medical improvement, he calculated the amount of her permanent impairment resulting from the compensable injury. As noted by the Office of Judges, the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) require that a claimant have reached maximum medical improvement with regard to a given injury before a determination of permanent impairment can be made. In accordance with the American Medical Association's *Guides,* Dr. Dauphin should not have assessed the amount of Ms. Hines-Davidson's whole person impairment after concluding that she had not reached maximum medical improvement. The Office of Judges therefore concluded that if Dr. Dauphin believed that Ms. Hines-Davidson had not reached maximum medical improvement, his opinion cannot be considered an accurate or reliable assessment of the amount of her permanent impairment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of July 5, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II